**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Silvio A. DE LA OSSA, Defendant–
Appellant.**

No. 04–11370
Non–Argument Calendar.
D.C. Docket No. 03–20834–CR–SH.

United States Court of Appeals,
Eleventh Circuit.

Sept. 20, 2005.

Timothy Cone, Federal Public Defender's Office, Fort Lauderdale, FL, Kathleen

M. Williams, Krista Halla, Miami, FL, for Defendant–Appellant.

Carol E. Herman, Anne R. Schultz, Jonathan D. Colan, U.S. Attorney's Office, Miami, FL, for Plaintiff–Appellee.

Before TJOFLAT, BIRCH and MARCUS, Circuit Judges.

TJOFLAT, Circuit Judge, specially concurring.

PER CURIAM.

This case is before us for consideration in light of *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *De La Ossa v. United States,* —— U.S. ——, 125 S.Ct. 1426, 161 L.Ed.2d 184 (2005). We previously affirmed De La Ossa's conviction and sentence. *United States v. De La Ossa,* 124 Fed.Appx. 642 (11th Cir.2004). The Supreme Court vacated our prior decision and remanded the case to us for further consideration in light of *Booker.*

In his initial brief on appeal, De La Ossa had argued that the district court erred by denying him a minor-role reduction. He did not raise a Sixth Amendment objection or any other constitutional or legal objection based on the issues addressed by *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), or any other case extending or applying the *Apprendi* principle, in his initial brief or in any other manner before this court.[1]

In *United States v. Dockery,* 401 F.3d 1261 (11th Cir.2005) (per curiam), we addressed a similar situation: a remand from the Supreme Court with instructions to consider our opinion in light of *Booker* in an appeal in which the appellant did not raise either a constitutional or *Apprendi* challenge to his sentence. *Id.* at 1262. We applied "our well-established rule that issues ... not timely raised in the briefs are deemed abandoned," reinstated our previous opinion, and affirmed Dockery's sentence. *Id.* at 1262–63 (citation omitted). Such is the procedure that we will follow in this case because De La Ossa failed to raise an *Apprendi* challenge to his sentence in his initial brief.[2]

We reinstate our previous opinion and, upon reconsideration in light of *Booker,* pursuant to the Supreme Court's remand, affirm De La Ossa's sentence.

TJOFLAT, Circuit Judge.

Binding precedent beginning with *United States v. Ardley,* 242 F.3d 989, *reh'g en banc denied,* 273 F.3d 991 (11th Cir.2001), and including *United States v. Dockery,* which the court relies on, bars us from considering appellant's *Booker* claim because he did not raise it in his initial brief. I therefore concur in the court's judgment. As I have stated before, though, most recently in *United States v. Higdon,* 2005 WL 1744939, 2005 U.S.App. LEXIS 15663, at *17 (11th Cir. July 8, 2005) (Tjoflat, J., dissenting from the denial or rehearing en banc), *Ardley* and its progeny were wrongly decided. Thus, were we writing on a clean slate, I would entertain appellant's *Booker* claim on the merits.

---

1. By extension, an issue raised under *Apprendi* raises an issue pursuant to *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and *Booker. See United States v. Grant,* 397 F.3d 1330, 1331 (11th Cir.2005).

2. We have held that the application this prudential rule, in which we treat issues not raised in a party's initial brief as abandoned, to foreclose an untimely *Booker* claim "does not result in manifest injustice." *United States v. Levy,* 416 F.3d. 1273 (11th Cir.2005).